**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**SHAWN ZEDZIE,**

**Plaintiff**

Case No.
Hon.
Magistrate Judge:

v.

**CARSON SMITHFIELD, LLC**

**Defendant.**

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, SHAWN ZEDZIE (Hereinafter termed "Plaintiff" or "Zedzie") by way of this Complaint against Defendant CARSON SMITHFIELD, LLC, ("Carson" or "Defendant") and states:

**I. PRELIMINARY STATEMENT**

1. The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Collection Practices Act (RPCA), codified at MCL 445.251 et seq.,

2. Plaintiff is being pursued by Carson for a time barred debt with payment options to settle the matter for less than what is owed while failing to inform Plaintiff that any payment resurrects or creates alleged liability for the time barred debt in violation of § 1692e, § 1692e (10), § 1692e (5), § 1692e(2)(A) and § 1692f.

3. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendants are debt collectors seeking payment on debts that were in default when obtained for collection. *Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 535, 536 (7th Cir. 2003) (noting that "the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, ***and as creditors if it was not.")***. Defendant Carson is a debt collector.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

6. The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt.

"The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

**II. PARTIES**

7. Plaintiff is a natural person and consumer.

8. At all times relevant to this complaint, Plaintiff resided in the City of Roseville, County of Macomb, State of Michigan.

9. At all times relevant to this complaint, Carson Smithfield, LLC is a debt collector engaged in the business of using the mails and telephone to collect consumer debts originally owed to others under the FDCPA.

10. At all times relevant to this lawsuit, Carson maintains its principal Resident Agent address in Bingham Farms, County of Oakland, State of Michigan.

**III. JURISDICTION & VENUE**

11. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

12. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

13. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

14. In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that

approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

15. Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

16. Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1) -(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

**REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)**

17. The Michigan Consumer Protection Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

18.   "Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

19.   "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

20.   "Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

21.   "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

22. "Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

23. "Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendant Carson is a regulated person under § 445.251(g)(xi).

## IV. FACTS CONCERNING PLAINTIFF

24. On or about July 17, 2015, Plaintiff received a collection letter from Carson stating that they were collecting a debt amount of $2,905.92 for the creditor client, Merrick Bank Corporation. **Please see Exhibit 1**.

25. The debt was time barred and a payment had not been made on the debt in over five years. The letter offered to settle the time barred debt for 30% of the amount owed at $871.78 or have the debtor make payments of $84.76 on a monthly payment plan. **Please see Exhibit 1**.

26. Pursuant to Plaintiff's credit report, the debt Carson was collecting from Shawn Zedzie was time barred as the statute of limitations in the State of Florida where the debt was created and breached had expired after five years. The last payment made on the debt in State of Florida was in June 2010:

MERRICK BANK #412061305833****
POB 1500
DRAPER, UT 84020
(800) 349-7472
**Date Opened: 06/17/2005**
Responsibility: Individual Account
Account Type: Revolving Account
Loan Type: CREDIT CARD
Balance: $2,906
Date Updated: 08/28/2014

Payment Received: $0
**Last Payment Made: 12/17/2009**
High Balance: $2,906
Original ChargeOff: $2,906
Credit Limit: $2,300
Past Due: >$2,906<
Pay Status: >Charged Off<
Date Closed: 05/27/2010

27. Michigan's "borrowing statute," MCL 600.5861; MSA 27A.5861 specifically states that Florida's Breach of Contract Statute of Limitations (Five Years) applies here as the Zedzie debt was created and breached in the State of Florida where Plaintiff resided.

28. Michigan's borrowing statute, MCL 600.5861; MSA 27A.5861, provides in relevant part:

> An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of *either* this state or the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply. [Emphasis added.]

29. The Statute of Limitations on a breach contract in Florida is five years pursuant to Fl. St. 95.11(1)(b).

30. Defendant Carson is seeking to collect on a debt from Ms. Zedzie without disclosing to him that the debt was outside the statute of limitations and time barred.

31. The debt was alleged to be owed to Merrick Bank Corporation and Carson by the Plaintiff for personal, family or household purposes and was therefore representative of "consumer debt" as that term is defined by 15 U.S.C 1692a (5).

32. The letter at **Exhibit 1** seeks to settle the debt with payment options and implies through the settlement offer that time is of the essence (By September 2, 2015) while failing to supply information to Plaintiff that time has run out on the debt.

33. The offer of a settlement on a time barred debt is misleading and in violation of the FDCPA. See *Buchanan v Northland Group Inc.*, 776 F.3d 393 (6th Cir. 2015) and *McMahon v LVNV Funding, LLC*, 744 F. 3d 1010 (7th Cir. 2014).

34. The US Court of Appeals for the 6th Circuit ruled this violated the FDCPA in *Buchanan v Carson Group Inc.*, 776 F.3d 393 (6th Cir. 2015) stating that,

> "The Act singles out as unlawful the "false representation of ... the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *McMahon,* 744 F.3d at 1020. A misrepresentation about the limitations period amounts to a "straightforward" violation of § 1692e(2)(A). *Id." Buchanan at 399.*
> "But if a debt collector is unsure about the applicable statute of limitations, "it would be easy to include general language about that possibility," *McMahon,* 744 F.3d at 1022, correcting any possible misimpression by unsophisticated consumers without venturing into the realm of legal advice. Proving this is not a herculean task is one of Carson's new letters: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency." R. 21–3 at 59." *Buchanan at 400.*

35. The *Buchanan* Opinion also held that the letter in the *Buchanan* case violated the FDCPA by seeking to persuade the debtor to make a partial payment when the least sophisticated consumer would not know that a partial payment would start the statute of limitations running again. The *Buchanan* Court held:

> "The general rule in Michigan is that partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the *full* debt. *See Yeiter,* 607 N.W.2d at 71. As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk. This point is almost assuredly not within the ken of most people, whether sophisticated, whether reasonably unsophisticated, or whether unreasonably unsophisticated. It thus is not hard to imagine how attempts to collect time-barred debt might mislead consumers trying their best to repay. *See McMahon,* 744 F.3d at 1021. Without disclosure, a well-meaning debtor could inadvertently dig herself into an even deeper hole. *See* Debt Collection, 78 Fed.Reg. at 67,876 ("[C]onsumers may believe that when they make a partial payment on a time-barred debt they have only obligated themselves in the amount of the partial payment but in many circumstances that is not true.")." *Buchanan at 399.*

36. As a debt collector Defendant Carson was aware of the *Buchanan* and *McMahon* cases and knew that it is misleading under the FDCPA to make a settlement offer on a debt without disclosing that the statute of limitations of the debt has expired.

37. The Barclays debt that Carson was collecting from Mr. Zedzie was well past the statute of limitations when Carson sent the letter to Plaintiff.

38. The Carson letter that Mr. Zedzie received from Carson at **Exhibit 1** did not have any kind of notification to him advising that "The law limits how long you can be sued on a debt. Because of the age of your debt, Merrick Bank Corporation will not sue you for it, and Barclays Bank Delaware will not report it to any credit reporting agency."

39. Indeed, on its website, Defendant states it has "unequaled knowledge in providing recovery collection services." Defendant also states that "All our collectors are fully trained in the FDCPA" and "All of our collection efforts are in full compliance with federal and state regulations. Defendant was aware of the *Buchanan* and *McMahon* cases.

40. 15 U.S.C. § 1692e provides that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(2)** The false representation of—
>
> > **(A)**the character, amount, or legal status of any debt; or
> >
> > **(B)**any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## V. POLICIES AND PRACTICES COMPLAINED OF

41.     It is Defendant's policy and practice to send written collection communications, in the form attached as **Exhibit 1** in connection with the collection of time barred debts in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e (8) and 1692e (10).

## VI. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

43.     Defendants violated the FDCPA. Defendants' violation, with respect to their written communications in the form attached as **Exhibit 1** include, but are not limited to, the following:

a.     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; and

b.     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A); and

c.     Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B); and

d.     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

e.     Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.; and

f.     Threatening to continue the collection efforts if Mr. Zedzie does not accept the settlement offers in **Exhibit 1** in violation of 15 U.S.C. §§ 1692e (5).

        **Wherefore**, Plaintiff seeks judgment against Defendant for:

a.     Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3) with a judicial review; and;

c. Such further relief as the court deems just and proper.

## VII. SECOND CAUSE OF ACTION

**Count 2-Regulation of Collection Practices Act**

53. Defendants have violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

a. Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt as mentioned above;

b. Defendants violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor of debtor using **Exhibit 1** as mentioned above.

c. Defendants has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

d. Defendants has violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner.

**Wherefore**, Plaintiff seeks judgment against Defendants for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendant from using (**Exhibit 1**) which violates Michigan law; and

c. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2) with judicial sanction.

## **VIII. JURY DEMAND**

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted

March 16, 2016

*s/ Brian P. Parker*

Brian P. Parker, Esq. (P48617)
*Attorneys for Plaintiff Shawn Zedzie.*

# Exhibit 1



CARSON SMITHFIELD, LLC
P.O. BOX 9216
OLD BETHPAGE, NY 11804

July 17, 2015

Our File Number: [redacted]8337525
Balance Due: $2,905.92
Current Creditor: Merrick Bank Corporation
Original Creditor: Merrick Bank Corporation
Original Account Number: [redacted]8337525

SHAWN J ZEDZIE
[redacted]
[redacted]3259

Dear Shawn J Zedzie,

Merrick Bank Corporation has hired Carson Smithfield, LLC, to collect the balance due on your account referenced above. We are authorized to offer you two settlement options to allow you to settle your account for less than the current balance. You may accept either settlement offer by making payment as outlined below on or before September 2, 2015.

Lump Sum (single payment)
Merrick Bank Corporation will consider your account settled if you make a one-time payment of $871.78 (which equals 30.0% of the outstanding balance of $2,905.92) on or before September 2, 2015.

Extended Offer (pay over time)
Merrick Bank Corporation will consider your account settled if you make payments as follows:

- Remit your first payment in the amount of $84.76 within 35 days from the date of this letter.
- Then, continue to make monthly payments in the amount of $84.76 each, by the first of each month, for the next consecutive 11 months. (12 payments total)
- Accepting the Extended Payment Offer will result in payment of an amount that is greater than what you would pay under the Lump Sum Offer.

You have three convenient options to make payment:

- Visit us at www.solvethatdebt.com and enter your response code (0201-5071-7100-0903)
- Call us at 1-877-394-5975 and make your payment over the phone
- Mail your payment with the voucher below

You are under no obligation to accept either of these offers. If you do not accept one of these settlement offers, we will attempt to contact you to collect the balance on your account, less any payments you may have made.

If you have any questions, please feel free to contact our office, toll-free, at 1-877-394-5975. Our hours of operation are Monday-Friday 8:00 AM to 9:00 PM EST & Saturday 8:00 AM – 4:30PM EST.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,
Carson Smithfield, LLC
225 W. Station Square Dr.
Pittsburgh, PA 15219







CWL7R01

C002-10526 N SET

Please detach and return with payment in envelope provided

Make checks payable to Carson Smithfield

Name: Shawn J Zedzie
Address: [redacted]

Account number: [redacted]8337525

**Pay-by-Phone**
Call 1-877-394-5975 to set up a FREE payment by phone

Or mail payment to:

Carson Smithfield
P.O. Box 660397
Dallas, TX 75266-0397

Payment Enclosed: $________________

☐ please check here if address correction is needed and indicate changes above.

41206130583375250000000000002905921

